IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES L. PARKER, | : | CIVIL NO. 3:CV-05-1318 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JAMES T. WINDER, | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

Petitioner, James L. Parker, a Pennsylvania state inmate serving a sentence imposed by the Court of Common Pleas of Philadelphia County, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, and accompanying memorandum, challenging the denial of parole. (Docs. 1-2). Preliminary consideration has been given to the petition and it is concluded that it is appropriate to deny the petition. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1]

I. Background

Parker is serving a sentence of six to twenty years imprisonment, which was imposed in 1990 by the Court of Common Pleas of Philadelphia County following convictions for Rape and Robbery. (Doc. 1, p. 2). Parker was denied parole in 1996 and, "for the next six (6) years petitioner was denied parole under the newly amended Pa. Parole Laws and Guidelines." (Doc. 2, p. 4). Most recently, on May 25, 2004, the Board, in the exercise of its

---

[1] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

discretion, notified Parker that:

> Your best interests do not justify or require you being paroled/reparoled: and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> The recommendation made by the Department of Corrections.
>
> Reports, evaluations and assessments concerning your physical, mental and behavior condition and history.
>
> Your need to participate in and complete institutional programs.

(Doc. 2, p. 23). Parker challenged this decision by filing a Petition for Writ of Mandamus in the Pennsylvania Commonwealth Court. The petition was denied on May 18, 2005. He did not appeal to the Pennsylvania Supreme Court.

Parker filed the instant petition on June 30, 2005 in which he "challenges the Board's decision denying parole in violation of the *Ex Post Facto* Law." (Doc. 2, p. 4).

II. Discussion.

Generally, a habeas petitioner must show that the federal constitutional claims asserted in the federal habeas petition have been "fairly presented" to the state courts, or that circumstances exist rendering the available state court process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b). Recently, in Defoy v. McCullough, 393 F.3d 439, 444 (3d Cir. 2005), it was held that "an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that

violates the *ex post facto* clause." Defoy, 393 F.3d 439, 444 (3d Cir. 2005), quoting Coady v. Vaughn, 770 A.2d 287, 290 (2001). Following Defoy, the Pennsylvania Supreme Court decided the case of Cimaszewski v. Bd. of Prob. & Parole, ___ Pa. ___, 868 A.2d 416, 427 (2005), wherein it was recognized that an *ex post facto* claim may arise from the application of the 1996 amendments to an applicant convicted prior to the enactment of the amendments who if it can be shown that the amendments "create[] a significant risk of prolonging his incarceration." These recent developments indicate that there are state court remedies available to raise an *Ex Post Facto* claim such that exhaustion should not be excused.

Although Parker filed a Petition for Writ of Mandamus in the Commonwealth Court, he has conceded that he failed to appeal the denial to the Pennsylvania Supreme Court. (Doc. 1, pp. 9, 18). The Third Circuit's most recent pronouncement on the issue of exhaustion makes it clear that, based upon the availability of mandamus, *Ex Post Facto* claims are subject to the exhaustion requirement. Defoy, 393 F.3d 439. As such, Parker failed to exhaust his *Ex Post Facto* claim. Notwithstanding the failure to exhaust, the court will consider the petition as the claim presented is clearly without merit. See 28 U.S.C. § 2254(b)(2) (a federal court can deny a habeas petition "on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

"The Ex Post Facto clause of the United States Constitution [which "forbids the

3

enactment of any law which imposes a punishment for an act 'which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed"] applies to a statutory or policy change that 'alters the definition of criminal conduct or increases the penalty by which a crime is punishable.'" <u>Mickens-Thomas v. Vaughn</u>, 321 F. 3d 374, 383 (3d Cir. 2003). *Ex Post Facto* restrictions apply to parole matters. <u>See Garner v. Jones</u>, 529 U.S. 244 (2000).

At the time of Parker's conviction, the applicable parole statute read as follows:

> The value of parole as a disciplinary and corrective influence and process is hereby recognized, and it is declared to be the public policy of this Commonwealth that persons subject to imprisonment for crime shall, on release therefrom, be subjected to a period of parole during which their rehabilitation, adjustment and restoration to social and economic life and activities shall be aided and facilitated by guidance and supervision under a competent and efficient parole administration, and to that end it is the intent of this Act to create a uniform and exclusive system for the administration of parole in this Commonwealth.

61 Pa.Stat. §331.1 (pre-1996). In 1996, the statute was amended and now reads as follows:

> The parole system provides several benefits to the criminal justice system, including the provision of adequate supervision of the offender while protecting the public, the opportunity for the offender to become a useful member of society and the diversion of appropriate offenders from prison. In providing these benefits to the criminal justice system, the Board shall first and foremost seek to protect the safety of the public. In addition to this goal, the Board shall address input by crime victims and assist in the fair administration of justice by ensuring the custody, control, and treatment of paroled offenders.

61 Pa.Stat. § 331.1 (post-1996).

Whether the amended statute violates the *Ex Post Facto* clause has been presented to the Third Circuit Court of Appeals, and answered in the affirmative. Mickens-Thomas, 321 F.3d 374. The Court found that there was "significant evidence that [the Board] acted upon policies that were established after [the petitioner]'s crime and conviction[,]" and "to retroactively apply changes in the parole laws made after conviction for a life sentence in Pennsylvania that adversely affect the release of prisoners whose sentences have been commuted, violates the *Ex Post Facto* clause." Id. at 393. Of concern to the Third Circuit was the fact that the evidence demonstrated that the Board interpreted the amended statute to "mandate foremost the consideration of public safety." Id. at 391. "The Board mistakenly construed the 1996 statutory change to signify a substantive change in its parole function." Id. Notwithstanding this conclusion, the Third Circuit also acknowledged a recent decision of the Pennsylvania Supreme Court, Winklespecht v. Pa. Bd. of Prob. & Parole, 571 Pa. 685, 813 A.2d 688 (Pa. 2000), which concluded that the amended § 331.1 did not constitute binding language requiring the Board to place the greatest weight on considerations of public safety. Id. However, the Court concluded that the Winklespecht decision, "made *after* the Board's actions on Thomas's parole, came too late to alter the Board's view of the statutory amendment on the outcome of the case." Id. (emphasis in original).

In Mickens-Thomas, as well as other non-precedential cases that have since come before the Third Circuit, the appropriate remedy when it is concluded that there is an *Ex*

5

*Post Facto* violation, is for the District Court to remand the parole applications to the Parole Board for re-adjudication applying the pre-1996 law. <u>Hart v. Pa. Bd. of Prob. & Parole</u>, 2003 WL 22838381 (3d Cir. Nov. 23, 2003); See <u>McLaurin v. Larkins</u>, 2003 WL 22147497 (3d Cir. Sept.18, 2003); <u>Hollawell v. Gillis</u>, 2003 WL 1919371 *8. However, the class of individuals entitled to such relief is very narrow. Except for individuals whose parole decisions were made after adoption of the 1996 changes, and before <u>Winklespecht</u> clarified the fact that the amendment did not change the administration of the policies, it is presumed that parole reviews are made with the understanding that the 1996 amendments did not change the analysis used in the parole proceedings.

As noted above, Parker was reviewed for parole on March 2, 2004, well after the Board had the benefit of the <u>Winklespecht</u> decision. Thus, the Board was aware that it should not "demonstrate a marked added weight on public safety concerns." <u>Mickens-Thomas</u>, 321 F.2d at 391. Parker's parole was denied for the following reasons: refusal to accept responsibility for the offense(s) committed; the recommendation made by the Department of Corrections; Reports, evaluations and assessments concerning your physical, mental and behavior condition and history. The need to participate in and complete institutional programs. The Parole Board not only stated that it took the required factors into account, but also noted the specific reasons why Parker was denied parole. This demonstrates that the Board employed the practice of enumerating factors and reasons for parole denials in line with the pre-1996 requirements of the Act as

required by Winklespecht, rather than simply citing the public safety factor. There is no indication that the Board placed unnecessary weight on the issue of public safety. Thus, it is concluded that there is no violation of the *Ex Post Facto* clause in Parker's consideration for parole.

Further, "[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981) (quoting Greenholtz v. Inmates of Neb. Penal. & Corr. Complex, 442 U.S. 1, 7 (1979)). While "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the Pennsylvania Supreme Court has long held that "a denial of parole does not implicate a constitutionally protected liberty interest." Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 291 (Pa.2001); see also Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319, 322-23 (Pa.1999) (affirming Parole Board's discretion to grant or deny parole because "parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence").

Based on the foregoing, the petition will be denied.

III. Certificate of Appealability.

There has been no substantial showing of the denial of a constitutional right

7

requiring the issuance of a certificate of appealability. Hence, the Court declines to issue such a certificate.

An appropriate Order will issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES L. PARKER, | : | CIVIL NO. 3:CV-05-1318 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JAMES T. WINDER, | : | |
| Respondent | : | |

ORDER

AND NOW, to wit, this 30 day of August 2005, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED;

2. The Clerk of Court is directed to CLOSE this case;

3. There is no basis for the issuance of a Certificate of Appealability.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court